IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARIF AHMED, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellant, | § | No. 286, 2026 |
| | § | |
| v. | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| JP MORGAN CHASE & CO. and J.P. | § | |
| MORGAN SECURITIES LLC, | § | C.A. No. 2025-1133 |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: July 21, 2026
Decided: July 24, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits attached thereto, it appears to the Court that:

(1) On January 21, 2026, a Court of Chancery Magistrate issued a report resolving the parties' cross-motions for summary judgment in an advancement action. The Magistrate found that plaintiff below-appellant Arif Ahmed was entitled to advancement.[1] Defendants below-appellants J.P. Morgan Chase & Co. and J.P.

---

[1] *Ahmed v. JPMorgan Chase & Co.*, 2026 WL 251542 (Del. Ch. Jan. 21, 2026).

Morgan Securities LLC (together "J.P. Morgan") filed exceptions to the Magistrate's report.

(2)     On June 10, 2026, the Chancellor denied the exceptions and adopted the Magistrate's factual and legal findings ("Interlocutory Decision").[2] The Chancellor remanded the matter to the Magistrate for further proceedings, including entry of an order establishing the protocol for submission of invoices in accordance with *Danenberg v. Fitracks*.[3]

(3)     On June 25, 2026, J.P. Morgan moved for certification of an interlocutory appeal from the Interlocutory Decision. J.P. Morgan argued that interlocutory review would allow this Court to weigh in on the Court of Chancery's deference to the *Fitracks* process. Ahmed opposed the motion. On July 6, 2026, the Magistrate entered an amended form of Ahmed's proposed *Fitracks* order ("Implementing Order").

(4)     On July 7, 2026, the Chancellor denied J.P. Morgan's application for certification as untimely and found no good cause for extension of the deadline.[4] On July 10, 2026, J.P. Morgan filed this interlocutory appeal. That same day J.P. Morgan moved for certification of an interlocutory appeal from the Implementing Order in the

---

[2] *Ahmed v. JPMorgan Chase & Co.*, 2026 WL 1682488 (Del. Ch. June 10, 2026).

[3] 58 A.3d 991 (Del. Ch. 2012).

[4] *Ahmed v. JPMorgan Chase & Co.*, 2026 WL 1961680 (Del. Ch. July 7, 2026).

Court of Chancery. J.P. Morgan again argued that interlocutory review would allow this Court to weigh in on the Court of Chancery's deference to the *Fitracks* process.

(5) On July 20, 2026, the Chancellor denied J.P. Morgan's second application, finding that the Implementing Order resolved a collateral matter inappropriate for interlocutory review.[5] The Chancellor also found that the application repeated arguments made in the first application and expressed concern that "[a]llowing interlocutory appeals of implementing orders would give applicants two bites of the apple."[6] J.P. Morgan filed a supplemental notice with this order on July 21, 2026.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[7] We agree with the Chancellor's analysis. A timely application for certification of the Interlocutory Decision was due by June 22, 2026.[8] J.P. Morgan did not file its application until June 25, 2026 and did not establish good cause for extension of the deadline. As to the second application, the Implementing

---

[5] *Ahmed v. JPMorgan Chase & Co.*, 2026 WL 2085791 (Del. Ch. July 20, 2026).

[6] *Id.* at *2.

[7] Supr. Ct. R. 42(d)(v).

[8] Supr. Ct. R. 42(c)(i) (providing that application for certification "shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown"). The ten-day period includes weekends and holidays. Supr. Ct. R.11(a) ("When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and other legal holidays shall be excluded in the computation.").

Order did not resolve a substantial issue of material importance. We also share the Chancellor's concern that accepting interlocutory appeals of implementing orders is likely to result in movants filing multiple, duplicative applications for certification.

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice